UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER G. MARCHANT, | No. 2:16-cv-2963-TLN-EFB PS |
| Plaintiff, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| PNC BANK, NATIONAL ASSOCIATION, a business entity, et al., | |
| Defendants. | |

Defendants filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), and noticed their motion for hearing on January 25, 2017. ECF No. 5. Court records reflect that plaintiff has not filed an opposition or statement of non-opposition to the motion.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 11, 2017. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by

1

default, or other appropriate sanctions.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motion to dismiss (ECF No. 5) is continued to February 15, 2017 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiff shall show cause, in writing, no later than February 1, 2017, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 1, 2017.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiff's opposition, if any, on or before February 8, 2017.

DATED: January 13, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE